UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x
: 
LIONEL R. SMITH, Ph.D., :
: Case No. 21 Civ. 6430 (DG)(CLP)
Plaintiff, :
: **ORAL ARGUMENT REQUESTED**
- against - :
:
VERA INSTITUTE OF JUSTICE, INC., :
:
Defendant. :
:
------------------------------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
# PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE LLP**
Roy P. Salins
Erik Mass
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230
Attorneys for Defendant

## **TABLE OF CONTENTS**

                                                                                                            **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 1

      A.      Plaintiff Commences Employment With Vera In October 2016 And Begins Working Full-Time In Maryland In January 2018 .................................................. 1

      B.      Plaintiff's Alleged Protected Activity Occurs While He Resides In Maryland ...... 2

ARGUMENT ............................................................................................................................. 3

I.      MOTION TO DISMISS STANDARD ............................................................................ 3

II.     PLAINTIFF'S CLAIMS UNDER THE NYSHRL, NYCHRL AND NYLL MUST BE DISMISSED BECAUSE HE WORKED FULL-TIME IN MARYLAND .................. 4

      A.      Applicable Law ........................................................................................................ 4

      B.      Plaintiff Resided And Worked Full-Time In Maryland At All Times Relevant To The Amended Complaint ....................................................................... 8

      C.      Plaintiff's Allegations Are Insufficient To Satisfy The Impact Test ..................... 9

III.    LEAVE TO AMEND SHOULD NOT BE GRANTED ................................................. 12

CONCLUSION........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amaya v. Ballyshear LLC*,
 340 F. Supp. 3d 215 (E.D.N.Y. 2018) ...........................................................................6, 10, 11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..................................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................................................................3, 4

*Bohnet v. Valley Stream Union Free Sch. Dist. 13*,
 30 F. Supp. 3d 174 (E.D.N.Y. 2014) ..............................................................................................8

*Fried v. LVI Servs., Inc.*,
 No. 10. Civ. 9308, 2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011), *aff'd*, 500 F.
 App'x 39 (2d Cir. 2012)....................................................................................................................7

*Gallop v. Cheney*,
 642 F.3d 364 (2d Cir. 2011)............................................................................................................12

*Hay v. N.Y. Media LLC*,
 No. 21-1727, 2022 WL 710902 (2d Cir. Mar. 10, 2022)..................................................................12

*Hubbell-Petang v. Hotel Rsrv. Servs.*,
 No. 20 Civ. 10988, 2022 WL 602900 (S.D.N.Y. Mar. 1, 2022) .................................................5, 10

*In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*,
 No. 06 Civ. 643, 2008 WL 4962985 (S.D.N.Y. Nov. 20, 2008) .....................................................12

*In re Stage Presence Inc.*,
 559 B.R. 93 (Bankr. S.D.N.Y. 2016), *aff'd sub nom. In re Stage Presence,
 Inc.*, No. 12 Civ. 10525, 2019 WL 2004030 (S.D.N.Y. May 7, 2019)..............................7, 11

*Ingram v. Nassau Health Care Corp.*,
 No. 17 Civ. 05556, 2019 WL 1332857 (E.D.N.Y. Mar. 25, 2019) ...........................................7, 10

*Lambui v. Collins*,
 No. 14 Civ. 6457, 2015 WL 5821589 (E.D.N.Y. Sept. 30, 2015)....................................................6

*Leon v. Rockland Psychiatric Ctr.*,
 232 F. Supp. 3d 420 (S.D.N.Y. 2017)..........................................................................................7, 12

*Mwangi v. Passbase, Inc.*,
 No. 21 Civ. 6728, 2022 WL 2133734 (S.D.N.Y. June 14, 2022)....................................................10

*O'Neill v. Mermaid Touring Inc.*,
   968 F. Supp. 2d 572 (S.D.N.Y. 2013) ................................................................... 7, 11

*Pedroza v. Ralph Lauren Corp.*,
   No. 19 Civ. 8639, 2020 WL 4273988 (S.D.N.Y. July 24, 2020) .............................. 6

*Rice v. Wartsila NSD Power Dev., Inc.*,
   183 F. App'x 147 (2d Cir. 2006) ............................................................................ 10

*Shiber v. Centerview Partners LLC*,
   No. 21 Civ. 3649, 2022 WL 1173433 (S.D.N.Y. Apr. 20, 2022) ....................... 5, 11

*Ulrich v. Moody's Corp.*,
   No. 13 Civ. 8, 2014 WL 12776746 (S.D.N.Y. Mar. 31, 2014), *report and recommendation adopted as modified*, 2014 WL 4977562 (S.D.N.Y. Sept. 30, 2014) ......................................................................................................................... 5

*Warman v. Am. Nat'l Standards Inst.*,
   No. 15 Civ. 5486, 2016 WL 3676681 (S.D.N.Y. July 6, 2016) .......................... 7, 11

*Williams v. Addie May Collins Cmty. Serv.*,
   No. 11 Civ. 2256, 2012 WL 4471544 (S.D.N.Y. Sept. 27, 2012) .................. 3, 4, 12

*Williams v. Calderoni*,
   No. 11 Civ. 3020, 2012 WL 691832 2012 (S.D.N.Y. Mar. 1, 2012), *aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013) ...................................... 9

**State Cases**

*Hoffman v Parade Publs.*,
   15 N.Y.3d 285 (2010) ...................................................................................... 5, 6, 9

*Pakniat v. Moor*,
   192 A.D.3d 596, 145 N.Y.S.3d 30 (1st Dep't 2021), *app. denied*, 37 N.Y.3d 917 (2022) ................................................................................................................ 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1

**PRELIMINARY STATEMENT**

Defendant Vera Institute of Justice, Inc. ("Vera") respectfully submits this memorandum of law in support of its motion to dismiss plaintiff's second, third, fifth, sixth, eighth, ninth, tenth, thirteenth, fourteenth and sixteenth causes of action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Each of plaintiff's claims under the New York State Human Rights Law ("NYSHRL") (counts 2, 5, 8, and 13), the New York City Human Rights Law ("NYCHRL") (counts 3, 6, 9, 10, and 14), and the New York Labor Law ("NYLL") (count 16) must be dismissed with prejudice because plaintiff lived and worked full-time in Maryland during all times relevant to his claims. Indeed, plaintiff admits that he did not engage in any protected activity, disclose any disability, or seek any reasonable accommodations for those alleged disabilities until more than 20 months after he began working full-time in Maryland in January 2018. Plaintiff does not (because he cannot) sufficiently allege that the impact of Vera's alleged misconduct was felt in New York State or New York City. Thus, under well-established judicial precedent, plaintiff cannot pursue any claims against Vera under the NYSHRL, NYCHRL or NYLL.

**STATEMENT OF FACTS[1]**

**A.   Plaintiff Commences Employment With Vera In October 2016 And Begins Working Full-Time In Maryland In January 2018**

Plaintiff commenced employment with Vera on or about October 31, 2016. (Compl. ¶ 43.) At the time of plaintiff's hiring, he physically worked in Vera's New York City office, and he resided in New York City. (*Id.* ¶ 45.) In early January 2018, however, plaintiff began working full-time in Baltimore, Maryland. (*Id.* ¶ 48.)

---

[1] Solely for purposes of this motion, Vera accepts the allegations in the complaint as true.

Plaintiff alleges that after he began working full-time in Maryland, he continued to be directly supervised and receive work assignments from staff based in New York City. (*Id.* ¶ 51.) Plaintiff also alleges that he retained all of the job duties and functions he had while he was physically located in Vera's New York City office. (*Id.*) Additionally, plaintiff alleges that he had near daily interaction with Vera staff members located in Vera's New York City office at all times after he relocated to Maryland. (*Id.* ¶ 52.) Finally, plaintiff alleges that after he relocated to Maryland, his Vera business card and work e-mail signatures listed Vera's New York City office as his business address. (*Id.* ¶ 53.)

Plaintiff also alleges that following his relocation, he traveled to New York City regularly for work-related meetings at Vera's principal corporate office to meet New York City-based clients and to conduct research in New York City. (*Id.* ¶ 54.) He also alleges that, aside from a single conference held in Baltimore, none of his work-related duties or assignments during his tenure at Vera were located in Maryland; notwithstanding the fact that he worked full-time in Maryland from January 2018 through August 2020. (*Id*. ¶ 55.)

Plaintiff alleges that he traveled to New York City in February 2020 to conduct research. (*Id.* ¶ 311.) Plaintiff also alleges that he planned to travel to New York City to conduct research for the Brooklyn Public Library Project, and that he was in contact with several faculty members from the Parsons Design for Social Innovation and Sustainability Lab ("DESIS Lab") within The New School located in New York City to collaborate on future work in New York City related to their mutual working relationship with the Brooklyn Public Library. (*Id.* ¶¶ 311-12.)

**B.** **<u>Plaintiff's Alleged Protected Activity Occurs While He Resides In Maryland</u>**

Plaintiff alleges that, although he received ongoing treatment for anxiety and ADHD since 2017, he was able to perform his work-related duties for years without the need for any reasonable accommodations or medical leave. (*Id.* ¶ 212.) Plaintiff further alleges his conditions

2

worsened in the middle of 2019, substantially impacting many areas of his life, including, but not limited to, his ability to focus, concentrate, and sleep.  (*Id.* ¶ 213.)  Plaintiff alleges his worsening condition culminated in his first request for FMLA leave and information regarding reasonable accommodations on or about May 28, 2020.  (*Id.* ¶¶ 215, 219.)  And, plaintiff admits that Vera did not become aware of the existence and nature of his diagnosed medical impairments until he requested FMLA paperwork in late May 2020.  (*Id.* ¶¶ 214-240.)

Additionally, with respect to plaintiff's alleged protected activity in support of his retaliation claims, he alleges that he submitted:  (i) an internal discrimination complaint in October 2019; (ii) a race discrimination complaint with the New York State Division of Human Rights ("NYSDHR") on or about December 23, 2019; (iii) a retaliation complaint with the NYSDHR on or about May 27, 2020; and (iv) an internal complaint about a missing wage supplement in July 2020.  (*Id.* ¶¶ 3-4, 94, 265, 432-434.)  Notably, each of these instances of protected activity occurred more than 20 months after plaintiff began working full-time in Maryland.  Plaintiff further alleges that he received a disproportionately higher workload and less desirable job duties compared to a white researcher in December 2019.  (*Id.* ¶¶ 108-10.)  Finally, Vera terminated Smith's employment on August 3, 2020.  (*Id.* ¶ 301.)

## ARGUMENT[2]

### I.  MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This is true even in the case of *pro se* plaintiffs.  *Williams v. Addie May Collins Cmty. Serv.*, No. 11 Civ.

---

[2] Copies of all cases cited herein are attached as Appendix A.

2256, 2012 WL 4471544, at *1, *3-4 (S.D.N.Y. Sept. 27, 2012) (dismissing *pro se* plaintiff's complaint for failure to state a claim and denying leave to amend the complaint). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at *2 (quoting *Twombly*, 550 U.S. at 556). Determining plausibility is "[a] context-specific task [that] 'requir[es] the reviewing court to draw on its [judicial] expertise and common sense.'" *Iqbal*, 556 U.S. at 663-64 (citing *Twombly*, 550 U.S. at 556). To avoid dismissal, a plaintiff must allege more than "labels and conclusions." *Twombly*, 550 U.S. at 555.

## II.   PLAINTIFF'S CLAIMS UNDER THE NYSHRL, NYCHRL AND NYLL MUST BE DISMISSED BECAUSE HE WORKED FULL-TIME IN MARYLAND

### A.   Applicable Law

Plaintiff asserts nine claims under the NYSHRL and NYCHRL and one claim under the NYLL: (i) race discrimination under the NYSHRL (Count 2); (ii) race discrimination under the NYCHRL (Count 3); (iii) disability discrimination (as discriminatory discharge) under the NYSHRL (Count 5); (iv) disability discrimination (as discriminatory discharge) under the NYCHRL (Count 6); (v) disability discrimination (as failure to provide a reasonable accommodation for a disability) under the NYSHRL (Count 8); (vi) disability discrimination (as failure to provide a reasonable accommodation for a disability) under the NYCHRL (Count 9); (vii) disability discrimination (as failure to engage in a cooperative dialogue to accommodate a disability) under the NYCHRL (Count 10); (viii) retaliation under the NYSHRL (Count 13); (ix) retaliation under the NYCHRL (Count 14); and (x) retaliation under the NYLL (Count 16). Each of these claims must be dismissed as a matter of law because plaintiff does not (and cannot) allege that he felt the impact of any alleged discriminatory or retaliatory acts in either New York State or New York City during the relevant time period.

4

It is axiomatic that an individual who does not physically work in New York cannot pursue claims under the NYCHRL or NYSHRL unless the individual alleges that the illegal acts took place within New York and that the alleged discriminatory conduct had an impact on the plaintiff in New York. *See Hoffman v Parade Publs.*, 15 N.Y.3d 285, 292 (2010) (affirming dismissal on the grounds of lack of impact where the plaintiff attended quarterly meetings in New York City, was managed from New York City, where all corporate contracts were negotiated through the New York City office and where the decision to terminate plaintiff was made and executed in New York City); *Shiber v. Centerview Partners LLC*, No. 21 Civ. 3649, 2022 WL 1173433, at *3 (S.D.N.Y. Apr. 20, 2022) ("Courts have repeatedly held that a non-resident plaintiff's occasional meetings in or travel to the city are tangential and do not satisfy the impact requirement [and] [t]he Second Circuit has . . . rejected arguments that impact can be established by interactions with people in New York while the plaintiff is elsewhere"); *Hubbell-Petang v. Hotel Rsrv. Servs.*, No. 20 Civ. 10988, 2022 WL 602900, at *6-8 (S.D.N.Y. Mar. 1, 2022) (granting motion to dismiss NYSHRL claims because non-resident plaintiff's allegations demonstrate that she did not feel the impact of the alleged misconduct in New York); *Ulrich v. Moody's Corp.*, No. 13 Civ. 8, 2014 WL 12776746, at *16 (S.D.N.Y. Mar. 31, 2014), *report and recommendation adopted as modified*, 2014 WL 4977562 (S.D.N.Y. Sept. 30, 2014) (granting motion to dismiss non-resident *pro se* plaintiff's claims under NYSHRL because the impact of the alleged wrongdoing was not felt in New York State).

Specifically, plaintiff must allege facts establishing that the impact of the supposed discriminatory acts was felt within the boundaries of New York City or New York State in order to state a claim under the NYCHRL and NYSHRL. *Hoffman*, 15 N.Y.3d at 290 (affirming the grant of a motion to dismiss the complaint of a nonresident plaintiff seeking to invoke the

5

protections of the NYSHRL and NYCHRL because plaintiff failed to satisfy the "impact requirement"); *Pedroza v. Ralph Lauren Corp.*, No. 19 Civ. 8639, 2020 WL 4273988, at *2 (S.D.N.Y. July 24, 2020) (granting partial motion to dismiss and holding that "[t]o state a claim under NYCHRL [and the NYSHRL], a non-resident plaintiff must allege that the discriminatory conduct had an impact in New York"); *Lambui v. Collins*, No. 14 Civ. 6457, 2015 WL 5821589, at *4-6 (E.D.N.Y. Sept. 30, 2015) (granting motion to dismiss NYCHRL claims of Suffolk County, New York, resident because the alleged misconduct occurred outside the geographical bounds of New York City).

When engaging in an impact analysis, courts look to where the impact occurs, not the place of its origination, to determine the location of the allegedly discriminatory acts, and where the impact was felt by the plaintiff. *Pedroza*, 2020 WL 4273988, at *2; *Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 221 (E.D.N.Y. 2018) (granting motion to dismiss NYCHRL discrimination claims brought by resident of Southampton, New York, despite that she was fired from defendant's New York-based corporate headquarters); *see also Pakniat v. Moor*, 192 A.D.3d 596, 597, 145 N.Y.S.3d 30 (1st Dep't 2021), *app. denied*, 37 N.Y.3d 917 (2022) (affirming dismissal of NYSHRL and NYCHRL retaliation claims and noting "[t]he fact that the alleged discriminatory acts and unlawful decision to terminate plaintiff's employment occurred in New York is insufficient to plead impact in New York"). The relevant issue for purposes of this motion to dismiss is not the location of Vera's place of business, or the location where Vera terminated plaintiff, or the location where the decision was made to terminate plaintiff, but where the *impact* of the termination was felt *by plaintiff*. *Hoffman*, 15 N.Y.3d at 290. Indeed, the impact analysis is not intended to be a "fact-intensive analysis of the amount of contact a

6

particular individual maintained within New York." *Fried v. LVI Servs., Inc.*, No. 10. Civ. 9308, 2011 WL 4633985, at *13 (S.D.N.Y. Oct. 4, 2011), *aff'd*, 500 F. App'x 39 (2d Cir. 2012).

By way of example, in *Ingram v. Nassau Health Care Corp.*, the court dismissed discrimination, hostile work environment, aiding and abetting, and retaliation claims under the NYCHRL, reasoning:

> Plaintiff is a Nassau County resident, who worked for NHCC in Nassau County . . . . Nowhere in the complaint does plaintiff allege any facts suggesting that the alleged conduct took place in New York City. Therefore, the Court lacks subject matter jurisdiction over plaintiff's NYCHRL claims.

No. 17 Civ. 05556, 2019 WL 1332857, at *9 (E.D.N.Y. Mar. 25, 2019); *see also Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 437 (S.D.N.Y. 2017) (dismissing *pro se* plaintiff's NYCHRL claim with prejudice because he did not work in New York City). Here, plaintiff cannot satisfy those standards, and his claims under the NYCHRL and NYCHRL must be dismissed as a matter of law.

This same analysis applies to the NYLL. Specifically, plaintiffs must work within the State of New York in order to avail themselves of protection under the law. *In re Stage Presence Inc.*, 559 B.R. 93, 98 (Bankr. S.D.N.Y. 2016), *aff'd sub nom. In re Stage Presence, Inc.*, No. 12 Civ. 10525, 2019 WL 2004030 (S.D.N.Y. May 7, 2019) ("It is well-settled that the New York Labor Law does not apply to work that is performed outside the State of New York") (internal citation omitted); *Warman v. Am. Nat'l Standards Inst.*, No. 15 Civ. 5486, 2016 WL 3676681, at *2 (S.D.N.Y. July 6, 2016) ("Under New York law, it is a settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state . . . enacting it . . . [and] [a]s NYLL is silent on its extraterritorial application, courts . . . have held that it does not apply extraterritorially"); *O'Neill*

7

*v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 578-79 (S.D.N.Y. 2013) (NYLL did not protect plaintiff notwithstanding that she lived in New York because she worked outside the State).

### B. Plaintiff Resided And Worked Full-Time In Maryland At All Times Relevant To The Amended Complaint

Plaintiff does not allege that he felt the impact of any illegal conduct in New York State or New York City. Indeed, plaintiff admits that he commenced full-time work in Maryland beginning in early January 2018. (Compl. ¶ 48.) Most significantly, plaintiff admits that he was a Maryland resident when Vera allegedly engaged in the activity forming the basis of his claims.

With respect to Counts 2 and 3 for race discrimination, plaintiff alleges Christian Henrichson assigned him a disproportionately large amount of work, and denied him promotions in favor of less qualified non-Black candidates. (*Id.* ¶¶ 65-69, 72-74, 108-13.) However, plaintiff also alleges that Henrichson became his supervisor the same month that he moved to Maryland, and that the supposed promotions occurred in 2018 or 2019. (*Id.* ¶¶ 63, 72.) Plaintiff further alleges that he was "marginalized" since at least 2018 due to his race by CSC Project Director Margaret diZerega. (*Id.* ¶¶ 29, 92-93.) But his supporting allegations all occurred after he moved to Maryland – that diZerega denied him a performance-based merit increase in 2020; that she excluded him from an external client meeting in October 2019; and that she failed to replace two staff members on the Renewing Communities project, resulting in plaintiff shouldering an additional workload, in or around 2018. (*Id.* ¶¶ 82-88, 89-91, 269.)

Plaintiff also asserts conclusory, speculative allegations concerning race discrimination, as well as allegations made upon information and belief. (*See*, *e.g.*, *id.* ¶¶ 87, 93, 137.) Such allegations are insufficient to survive a motion to dismiss. *Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 30 F. Supp. 3d 174 (E.D.N.Y. 2014) (granting motion to dismiss discrimination claims under the NYSHRL where plaintiff failed to accompany her facts pled upon information

8

and belief with a statement of facts upon which the belief was founded); *Williams v. Calderoni*, No. 11 Civ. 3020, 2012 WL 691832 2012 (S.D.N.Y. Mar. 1, 2012), *aff'd sub nom. Williams v. Schwartz*, 529 F. App'x 89 (2d Cir. 2013) (granting motion to dismiss race discrimination claims under the NYSHRL and NYCHRL where plaintiff pled allegations "on information and belief" and "failed to provide factual, non-conclusory allegations" to support his claims).

With respect to Counts 5 and 6 for discriminatory discharge, plaintiff's employment ended in August 2020. (Compl. ¶ 301.) With respect to Counts 8, 9 and 10 for failure to provide a reasonable accommodation or to engage in a cooperative dialogue, the earliest date in which plaintiff claims he requested an accommodation is May 28, 2020. (*Id.* ¶ 215.) With respect to Counts 13 and 14 for retaliation, the earliest time in which plaintiff alleged he engaged in protected activity is October 2019. (*Id.* ¶ 94.) Finally, with respect to Count 16 for retaliation, plaintiff did not complain about the wage supplement until July 2020. (*Id.* ¶¶ 265, 432-433.)

### C. Plaintiff's Allegations Are Insufficient To Satisfy The Impact Test

In a failed effort to seek the protections of the NYSHRL, NYCHRL and NYLL, plaintiff alleges that after he moved to Maryland his "worksite and base of operations [was] Vera's principal corporate office in New York City," and that he was supervised by staff based in New York City, retained his job duties from when he was based in New York City, and had consistent communication with Vera staff members located in the New York City office. (*See supra* 2-3.) Plaintiff also claims that his business card and work e-mail signature listed Vera's New York City address, and that the fax number listed on his business card was connected to Vera's New York City office. (*Id.*) These allegations, however, are insufficient to show that the alleged discriminatory events had an impact in New York. *Hoffman*, 15 N.Y.3d at 291 (granting dismissal of NYCHRL claim and holding "NYCHRL protections to nonresidents who have, at most, tangential contacts with the city" are insufficient to state a claim); *see supra* 4-8.

9

For example, in *Amaya*, 340 F. Supp. 3d at 221, the court granted a motion to dismiss on the grounds that a nonresident plaintiff could not avail herself of the protections afforded by the NYCHRL despite that she asserted the following allegations: (1) the decision to hire and fire her was made in New York City; (2) she attended several meetings in the corporate defendants' New York City office; (3) supervisors in the New York City office interacted with her during the course of her employment; and (4) there was a possibility that she might work at other locations within New York City. *See also Hubbell-Petang*, 2022 WL 602900, at *7 (dismissing NYSHRL claim where the plaintiff "allege[d] that her supervisor . . . resided in New York so that some of the alleged illegal conduct, including the decision to terminate her, took place in New York").

Further, plaintiff's new allegations that he: (i) traveled to New York City "regularly" for work-related meetings; and (ii) attended one event in New York after January 2018 are irrelevant. (Compl. ¶¶ 54-55, 141.) Indeed, plaintiff does not allege that he was in New York during any of the relevant events of the complaint. *See Mwangi v. Passbase, Inc.*, No. 21 Civ. 6728, 2022 WL 2133734, at *8 (S.D.N.Y. June 14, 2022) (dismissing NYCHRL and NYSHRL claims, reasoning "even if the acts themselves occurred in New York, their impact was not felt in New York, because [plaintiff] was at all times in Berlin"); *Rice v. Wartsila NSD Power Dev., Inc.*, 183 F. App'x 147, 148 (2d Cir. 2006) ("Rice's [NYSHRL] claim fails because he failed to claim that he was a resident of New York"); *Ingram*, 2019 WL 1332857, at *9. Here, plaintiff resided and worked full-time in Maryland at all relevant times.

Moreover, plaintiff's speculation that he planned to work in New York City more frequently (notwithstanding the significant restrictions on travel due to the COVID-19 pandemic) is likewise insufficient to overcome dismissal, as is his assertion that a faculty member from

10

DESIS messaged him following his departure from Vera.[3]  (Compl. ¶¶ 311-12, 341.)  *See Shiber*, 2022 WL 1173433, at *3-4 (dismissing NYSHRL and NYCHRL claims where plaintiff alleged that she worked remotely from New Jersey during the COVID-19 pandemic but expected to work at defendant's New York City office in the future); *Amaya*, 340 F. Supp. 3d at 223 ("the mere potential of being asked to work in the five boroughs is plainly inadequate" to state a claim under the NYCHRL).

In *Shiber*, the plaintiff had a reasonable basis to believe she would work in New York City, as she alleged she received a company-wide email stating that "virtually all" of the defendant's employees will be "back to our usual routines, including travel between cities and countries" by July 2020, yet the Court found her assertions insufficient to establish an impact in New York City.  *Shiber*, 2022 WL 1173433, at *4.  On the contrary, plaintiff provides no reasonable basis to conclude he would be expected to travel to New York.  And, regardless, the only inquiry relevant to an impact analysis is whether the alleged conduct *complained of* by a non-resident plaintiff had a sufficient impact on the state and city.  All of the conduct complained of by plaintiff occurred while he was living and working full-time in Maryland.

Finally, plaintiff's retaliation claim under the NYLL must be dismissed for the reasons stated above – chiefly, he has not alleged that he performed work in New York during the relevant time period, aside from a stray visit in February 2020 in which no retaliatory conduct is alleged to have occurred.  (Compl. ¶ 311); *In re Stage Presence Inc.*, 559 B.R. at 98; *Warman*, 2016 WL 3676681, at *2; *O'Neill*, 968 F. Supp. 2d at 578.

Accordingly, all of plaintiff's claims under the NYSHRL, NYCHRL and NYLL must be dismissed with prejudice as a matter of law.

---

[3] Notably, the text from the LinkedIn message that plaintiff quotes in his allegation does not even suggest that he was expected to be traveling to New York in connection with his work with DESIS.

11

### III.   LEAVE TO AMEND SHOULD NOT BE GRANTED

Plaintiff should not be granted leave to amend the complaint because, given the allegations of the first amended complaint, it is clear that plaintiff has had knowledge of the relevant facts for several years. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (affirming dismissal with prejudice "[i]n the absence of any indication that [plaintiff] could-or would-provide additional allegations that might lead to a different result"); *Leon*, 232 F. Supp. 3d at 437 (dismissing *pro se* plaintiff's NYCHRL claim with prejudice because employer was not based in New York City and plaintiff did not allege discrimination against him within the boundaries of New York City); *Hay v. N.Y. Media LLC*, No. 21-1727, 2022 WL 710902 (2d Cir. Mar. 10, 2022) (affirming denial of *pro se* plaintiff's motion to replead NYCHRL claims because the impact of the alleged wrongdoing was not felt in New York City); *Williams*, 2012 WL 4471544, at *4 (denying *pro se* plaintiff an opportunity to replead discrimination claims). Here, plaintiff submitted an incredibly long and detailed complaint of more than 100 pages and more than 450 paragraphs. Then, plaintiff had sufficient time to include all allegations that might lead to a different result in the amended complaint, as he filed it nearly *four months* after defendant placed him on notice of his pleading deficiencies in its initial motion to dismiss.

It is well-settled that drafting a complaint is not "an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the court over a rhetorical net until a viable complaint emerges." *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, No. 06 Civ. 643, 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008). Clearly, plaintiff does not have an actionable claim under the NYSHRL, NYCHRL, or NYLL – especially in light of the damaging and dispositive admissions he makes in the amended complaint – and he should not be permitted another opportunity to amend the complaint.

**CONCLUSION**

For the foregoing reasons, defendant respectfully requests that each of plaintiff's causes of action under the NYSHRL, NYCHRL and NYLL be dismissed with prejudice and award such other further relief as the Court may deem just and proper.

Dated: New York, New York
September 14, 2022

                                      DAVIS WRIGHT TREMAINE LLP

                                      By:  /s/Roy P. Salins
                                            Roy P. Salins
                                            Erik Mass
                                      1251 Avenue of the Americas, 21st Floor
                                      New York, New York 10020
                                      (212) 489-8230
                                      Attorneys for Defendant